598 So.2d 1194 (1992)
Darlene HAYES, et al., Plaintiffs-Appellants,
v.
PARKEM INDUSTRIAL SERVICES, INC., Defendant-Appellee.
No. 90-1224.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Rehearing Denied June 15, 1992.
*1195 Higgins & Starling, Richard E. Starling, Pineville, for plaintiffs-appellants Darlene Hayes, Lisa Michelle Duprey and Michael L. Duprey.
Gregory W. Wampler, Colfax, for plaintiff-appellant Patrick Hayes.
Carmouche Firm, Scott J. Pias, Lake Charles, for Parkem.
Hall, Lestage, Landreneau, David R. Lestage, Deridder, A. Frank McGee, Eunice, for LeDoux.
McGee & Caswell, Daniel P. Fontenot, Eunice, Usry & Weeks, Fred Schroeder, Allen Usry, Metairie, for Durio.
Demoruelle & Cole, J.E. Demoruelle, Kinder, for Estes LeDoux.
Juneau, Judice, Hill & Adley, Pat Juneau, Lafayette, for First State Ins.
Voorhies & Labbe, Thomas Hightower, Jr., Lafayette, for Harbor Ins.
Before STOKER and YELVERTON, JJ., and WILLIAM A. CULPEPPER,[*] J. Pro Tem.
YELVERTON, Judge.
The appeal in these four consolidated cases arises from the granting of a summary judgment in favor of the defendants, Sheriff John C. Durio and Deputy Sheriff Estes LeDoux of Allen Parish. The plaintiffs suffered damages in a wreck which happened in an adjoining parish. Their vehicle ran into an abandoned truck on a highway. They blamed Sheriff Durio and his deputy, LeDoux, claiming that the deputy knew about the truck and neglected to secure the scene for the protection of motorists. There were no disputed material issues of fact and the trial court determined that as a matter of law the defendants were not liable to the plaintiffs, Darlene Hayes, Patrick Hayes, Michael L. Duprey, and Lisa Michelle Duprey. The plaintiffs appealed.
For the following reasons, we affirm the judgments in all four cases. Separate judgments are this date being handed down in Duprey v. Parkem Industrial Services, Inc., etc., 598 So.2d 1198 (La.App. 3rd Cir. 1992) (our docket No. 90-1225), Hayes v. Parkem Industrial Services, Inc., etc., 598 So.2d 1198 (La.App. 3rd Cir.1992) (our docket No. 90-1226), and Duprey v. Parkem Industrial Services, Inc., etc., 598 So.2d 1199 (La.App. 3rd Cir.1992) (our docket No. 90-1227).
The material facts are in the depositions of Deputy LeDoux and Mary Deville. Deville was the radio operator for the Allen Parish Sheriff's Office, and her radio log containing some of the factual events was attached to her deposition.
Some time after midnight on August 24, 1988, a truck owned by Parkem Industrial Services, Inc. and operated by Johnny Alvarez, was travelling north on U.S. Highway 165 in Jefferson Davis Parish when the *1196 engine stalled and the truck stopped. Alvarez abandoned the vehicle where it stalled in the northbound lane.
At about 2:15 a.m., the Allen Parish Sheriff's Office got word through a motorist that a stalled vehicle was in the middle of the northbound lane on U.S. Highway 165 south of Kinder. The exact location of the stalled vehicle was not known at this time. That night Deputy Sheriff Estes LeDoux of the Allen Parish Sheriff's Office was working the south half of Allen Parish, through which Highway 165 ran. He drove down the highway to go see if there were any injuries. In route to the stalled vehicle LeDoux realized that the vehicle was not in Allen Parish but in the adjoining parish of Jefferson Davis. After LeDoux arrived he found the vehicle in the traffic lane with its front and rear flasher lights on but no people around. LeDoux informed his office by radio that the stalled vehicle was in Jefferson Davis Parish, one and one-half miles from the Allen Parish line, and that the driver was not present. The Allen Parish Sheriff's Office at 2:33 a.m. informed the Jefferson Davis Parish Sheriff's Department of the situation, and was told that Jefferson Davis Parish would have a deputy in route. LeDoux did nothing at the scene and returned to Allen Parish.
Approximately one hour later LeDoux was again informed by a passing motorist that a stalled vehicle was blocking the northbound lane of U.S. Highway 165. LeDoux again informed his office about the vehicle. Shortly thereafter LeDoux heard on the radio that an accident had occurred involving the stalled vehicle.
The plaintiffs in the four lawsuits that followed this accident included as defendants Sheriff Durio and Deputy LeDoux. The petitions alleged that LeDoux breached his duty to the plaintiffs by failing to secure the scene of the stalled vehicle, and that Sheriff Durio, as his employer, was responsible.
LeDoux and Durio filed a motion for summary judgment, asserting that there were no disputed material issues of fact in the cases, and that, as a matter of law, they were not responsible because no duty was owed by them to the plaintiffs. They contended that they were not responsible because the accident occurred outside of their jurisdiction, they had no authority to act outside their jurisdiction, and therefore they had no duty to act outside their jurisdiction in this case.
The motion for summary judgment was granted dismissing the suits. Plaintiffs filed these appeals asserting that the trial court erred in holding that, as a matter of law, no duty was owed to the plaintiffs by LeDoux and Durio. We agree with the trial court that no duty was owed by the sheriff and his deputy in this case.
It is an accepted general rule that one person must not hurt another, but he is under no legal duty to help him or to confer benefits on him. See W. Keeton, Prosser and Keeton on Torts, § 56 (5th ed. 1984). For example, by the application of this rule, the two motorists, lay persons, who reported the obstructing truck that night, were not obliged by any legal duty to stop and make those reports. Although their actions were commendable, they were under no legal duty to the plaintiffs to report the risk, or do anything else about it. No one would dispute that these lay persons were under no duty, after coming upon the obstruction, to take any action to protect other motorists.
Deputy LeDoux was a commissioned deputy sheriff in Allen Parish. If he owed a duty to the plaintiffs whose accident occurred in Jefferson Davis Parish, the duty necessarily had to arise from his status as a deputy sheriff in Allen Parish, because his status as an Allen Parish deputy was the only thing distinguishing him from the two lay persons who reported the obstruction.
The plaintiffs have not pointed to any law, and we have found none, which authorizes a sheriff or his deputy to act outside the parish of his commission, other than the authority to enter another jurisdiction in hot pursuit, under La.C.Cr.P. arts. 204 and 213, and the authority to make an investigatory stop in certain circumstances, under La.C.Cr.P. art. 215.1. These exceptional *1197 circumstances do not exist in this case.
On the other hand, there are several express provisions of the law which limit the jurisdiction, and therefore the authority to act, of a sheriff to his own parish. Article 5, § 27 of the Louisiana Constitution of 1974 provides that a sheriff shall be elected in each parish and shall be the chief law enforcement officer "in the parish." The Highway Regulatory Act, specifically La. R.S. 32:5, invests law enforcement officers in the state with authority to direct, control, or regulate traffic "within their respective territorial jurisdictions." A sheriff may empower a local or municipal law enforcement officer to enforce any state law "throughout the parish." La.R.S. 33:1435.1. A sheriff can operate and maintain an ambulance, emergency rescue service, and emergency disaster service "within the parish." La.R.S. 33:1437.1. A sheriff can give permits for concealed weapons, but the permit is valid "only within the boundaries of the chief law enforcement officer's parish." La.R.S. 40:1379.1 F. Thus, although the sheriff is constitutionally and statutorily the chief law enforcement officer of his parish, his jurisdiction is limited to the territorial boundaries of his parish.
A deputy sheriff is required to reside in the parish where he is commissioned. La.R.S. 33:1432.1. A deputy can have no greater authority than the sheriff who hired him. A deputy's jurisdiction is limited to the territorial limits of the parish where he is employed.
If a sheriff's jurisdiction and authority to act is limited to his parish, it stands to reason that he has no jurisdiction or authority to act outside his parish. It follows that if he has no authority to act outside his parish, he has no duty to act outside his parish. As to the plaintiffs in the present case, the sheriff's duty was no greater than that of a lay person.
When Deputy LeDoux left Kinder and headed south on Highway 165 that night, he was aware only that there was a report of a stalled vehicle in the travel portion of the highway. He did not know whether the vehicle was inside or outside of Allen Parish. Once he realized that it was beyond the parish line and that it was in Jefferson Davis Parish, he nevertheless went on to the scene to see if someone had been injured. Arriving at the scene, he found no one present. He did not alter the scene. He did not touch or move the stalled vehicle. All he did was report its presence to his radio operator, with a request that the report be relayed to the Jefferson Davis Parish Sheriff's Office. He drove on south to a point where he could turn around, then returned to his duties in Allen Parish.
The plaintiffs argue the application of Lamkin v. Brooks, 498 So.2d 1068 (La. 1987). That case held that a town may be liable for torts by a police officer committed outside the town limits if the officer acted in the course and scope of his employment. In that case a city police officer, who had encountered the drunken plaintiff three times earlier during the night, twice within the city limits and once outside, deliberately drove outside the city limits for a fourth encounter and hit the defendant in the face with his fist, inflicting injuries. The town was held liable for the actions of the officer. This was because the officer had a duty, like everybody has, not to hurt somebody else, and he violated it. The case has no application to the present facts.
The other case on which the plaintiffs rely is Duvernay v. State of La., through Dept. of Public Safety, 433 So.2d 254 (La. App. 1st Cir.1983). That case, likewise, is not authority for imposing liability upon Deputy LeDoux. In that case a sheriff's department was found liable for not following up on the problem after it had been notified of a malfunctioning traffic light in its own parish. The First Circuit held that because the sheriff's department had the authority to act, it had the duty to act, that duty going beyond the duty of an ordinary lay person in the premises. In our case, Deputy LeDoux had no authority to act outside his jurisdiction, and therefore he had no duty to act.
*1198 As an alternative argument, the plaintiffs say that they are entitled to recover under the Good Samaritan Doctrine. We can find no basis at all for this assertion. Deputy LeDoux took no affirmative steps to change or alter the scene of the stalled truck. All that he did was see to it that the Jefferson Davis Sheriff's Office was notified. If he assumed the duty to report the situation, it was fulfilled when a report was made. Chance v. State of La., through Dept. of Trans. and Dev., 567 So.2d 683, 686, n. 4 (La.App. 3rd Cir.1990).
For the reasons assigned, we affirm the judgment of the trial court. Appellants will pay costs of this appeal.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.