Dear Sheriff Lee:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1) Does a Constable have authority to issue a concealed weapon permit to his Deputy Constable?
 2) May a Deputy Constable carry a concealed weapon on his person outside the Constable's district?
The statutory provision which governs concealed handgun permits is La. R.S. 40:1379.1, which states in pertinent part:
 "F. The chief law enforcement officer of a parish shall have the authority to issue a concealed handgun permit to an individual, which permit shall be valid only within the boundaries of the chief law enforcement officer's parish."
Article 5, Section 27 of the Louisiana Constitution clearly establishes that the Sheriff shall be the chief law enforcement officer in the parish (with the exception of Orleans Parish), and Louisiana courts have affirmed its literal meaning. Hayes v.Parlsem Industrial Services, Inc. 598 So.2d 1194 (La.App. 3 Cir. 1992). Though the statute does not explicitly exclude the authority of others, that issue has been addressed in Attorney General Opinion Number 93-826, which states in part:
 "Thus, it is the opinion of this office, that by virtue of his authority as chief law enforcement officer of his parish, a sheriff is the only official who possesses authority to issue concealed handgun permits."
Therefore, in answer to your first question, a Constable does not have the authority to issue a concealed weapon permit to anyone, not even his own Deputy Constable.
A Deputy Constable is not, however, required to have a concealed handgun permit when on-duty. La. R.S. 14:95 prohibits the intentional concealment of any firearm, but Subsection G exempts, "sheriffs and their deputies, state and city police,constables and town marshals, or persons vested with police power when in the actual discharge of official duties." By analogy, this provision applies to Deputy Constables as well, as they are extensions of the constable, or "persons vested with police power." A Deputy Constable's duties, however, are limited to the Constable's district. As stated in Attorney General Opinion Number 88-116, "the territorial limits of an officer's power are the territorial limits of the governing authority for whom he is employed." There is a very narrow exception to this conclusion: LSA-C.C.P. Article 213 allows entry into another jurisdiction when "in close pursuit of a person to be arrested." Thus, a Deputy Constable may carry a concealed weapon without a permit while on duty (in the "actual discharge of official duties) but is limited to his constable's district, except in this very rare circumstance.
Your second question, therefore, encompasses the authority of a Deputy Constable while not on-duty. La. R.S. 40:1379.1 (K) states that the requirement of a permit to carry a concealed weapon is not applicable to any person "holding a bona fide law enforcement officer commission." Constables and Deputy Constables are considered to be "law enforcement officers," as they are referred to as such in Louisiana statutes (for example, ". . . constables, marshals, or other law enforcement officers . . ." in La. R.S. 37:688). A Deputy Constable, therefore, is included within this exception. This office interpreted this statute in Attorney General Opinion Number 91-640, which states that a law enforcement officer . . .
 ". . . may carry a concealed weapon while off duty, but only within his own jurisdiction. Outside his jurisdiction, the officer would need a concealed handgun permit from the Louisiana State Police issued pursuant to La. R.S. 40:1379.1."
A Deputy Constable, therefore, must obtain a "special officer" commission from the State Police in order to carry a concealed weapon in any district in Louisiana; otherwise, he may carry a concealed weapon while off-duty only within the Constable's jurisdiction.
It is the opinion of this office that a Constable does not have the authority to issue a concealed weapon permit to his Deputy Constable. Further, a Deputy Constable may carry a concealed weapon both on and off-duty within his district, but may not do so outside his district unless given a "special officer" commission by the State Police pursuant to La. R.S.40:1379.1; or pursuant to R.S. 40:1379.3.
I hope this opinion has adequately addressed your questions. If this office can be of further assistance, please do not hesitate to contact us. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ANN EVANS WHITTINGTON Assistant Attorney General