Dear Mayor Fultz:
You have asked this office to advise you whether a full-time police officer employed by the Village of Tangipahoa may also be a full-time deputy for the Tangipahoa Parish Sheriff's Office.
Note first that R.S. 33:1435.1 allows a sheriff to commission a municipal law enforcement officer to have parish wide law enforcement jurisdiction. The statute provides as follows:
 § 1435.1. Sheriff's commissions for municipal law enforcement officers; issuance
 A. Notwithstanding any other provision of law to the contrary, the sheriff of each parish may issue to a municipal policeman a sheriff's commission permitting such officer to have parish wide law enforcement jurisdiction or jurisdiction within such limited area of the parish as the sheriff shall designate. Application for such commission shall be made only by the chief law enforcement officer of a municipality or other political subdivision. A sheriff's commission may empower a local or municipal law enforcement officer to enforce any state law throughout the parish or may be limited in such manner as the sheriff shall determine. Such power may include the authority to arrest law violators both with and without a warrant or may be for the limited purpose of permitting such officer to enforce certain designated state or local laws or perform only those functions designated by the sheriff, and he may determine whether or not the officer shall be permitted to carry a handgun.
 B. Municipal policemen, commissioned as herein provided, shall not be considered a deputy for any other purpose, and shall be treated for all purposes as a municipal policeman when acting pursuant to said commission; and any bond, insurance coverage, or professional liability for any municipal policeman commissioned hereunder shall be paid by the municipality for which he is a municipal policeman.
Thus, a municipal police officer may be commissioned as a deputy sheriff within wuch area as the sheriff designates. A municipal police officer who is commissioned pursuant to R.S.33:1435.1 shall not be considered a deputy for any otherpurpose, and shall be treated for all purposes as a municipalpoliceman when acting pursuant to said commission.
In contrast to the above scenario contemplated by R.S.33:1435.1, the question you pose is whether an individual may be a full-time municipal police officer on the city payroll and be a full-time deputy sheriff on the sheriff's payroll. For the following reasons, this situation is prohibited by law.
A municipal police officer holds a position of employment,[1] while the position of deputy sheriff is considered an appointive office under R.S. 42:62(2) because it is an "office in any branch of government . . . which is specifically established or specifically authorized by the . . . laws of this state . . . and which is filled by appointment . . . by an elected . . . public official."[2] The position of deputy sheriff is specifically provided or authorized by law, as R.S. 33:1433 provides in part:
 A. (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. The appointment and oath must be entered on the records of the court.
In regard to dual officeholding, LSA-R.S. 42:63(E) provides as follows:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The prohibitory language of LSA-R.S. 42:63(E) would prevent simultaneous holding of these offices where both are held on afull-time basis, as defined within the Dual Officeholding and Dual Employment Law:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
If one of the foregoing positions is held on a part-time basis, the prohibition of R.S. 42:63(E) would be inapplicable. Thus, a full-time municipal police officer may work part-time as a deputy sheriff.
Similarly, a full-time deputy sheriff may work part-time for the municipal police department. This office has recently addressed this issue in Opinion 05-0221 (copy attached) and we adopt the analysis of that author as stated:
 The Dual Officeholding and Dual Employment Laws contained within LSA-R.S. 42:61, et seq., do not prohibit a person from holding an appointive office while being simultaneously employed by a separate political subdivision. La. Atty. Gen. Op. No. 02-375. This similar issue was addressed in La. Atty. Gen. Op. No. 90-408, where this Office stated that it was allowable for an elected chief of police to concurrently serve as a full-time deputy sheriff. LSA-R.S. 42:63(D) prohibits dual employment within the same political subdivision; however, this Office is of the opinion that the municipality and the parish government were two separate political subdivisions and, thus, not subject to this prohibition. La. Atty. Gen. Op. No. 90-408. This Office has stated that the only real considerations are whether the individual can properly carry out the duties required for each position. La. Atty. Gen. Op. No. 90-408, 87-121. The duties of each position cannot require the person to fulfill them simultaneously. Therefore, there must be no conflict in duties and compensation, and there should be no question, if law enforcement action is required, as to what official is acting.
 This Office has previously issued opinions on whether a law enforcement officer may hold dual employment in different law enforcement agencies, and the general rule is that the officer may do so as long as the law enforcement agencies are within different political subdivisions. La. Atty. Gen. Op. No. 02-375 (Individual may serve as elected chief of police in one political subdivision and hold employment as a police officer in another political subdivision.); La. Atty. Gen. Op. No. 96-332 (Elected chief of police may hold part-time appointive office of deputy sheriff because the municipality and the parish are considered different political subdivisions.); La. Atty. Gen. Op. No. 94-46 (Individual may be the elected police chief in one political subdivision and hold employment as a police officer in another political subdivision.); La. Atty. Gen. Op. No. 87-121 (Elected police chief may serve as a police officer in another town because the two towns were separate political subdivisions). See Attorney General Opinion 05-0221.
Accordingly, it is permissible for a full-time sheriff deputy to work part-time for the municipal police department because the parish and municipality are two different political subdivisions and, thus, they are exempted from the prohibitions against dual employment in LSA-R.S. 42:63. Similarly, it is permissible for a full-time municipal police officer to hold the part-time position of deputy sheriff.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 ATTACHMENT
January 24, 2006
Opinion No. 05-0221
 107 SHERIFFS 71 MUNICIPALITIES
 LSA Const. Art. 5 § 27;LSA-R.S. 13:1894.1;LSA-R.S. 14:98; LSA-R.S. 15:85.1;LSA-R.S. 15:571.11;LSA-R.S. 15:704; LSA-R.S. 15:705;LSA-R.S. 15:751; LSA-R.S. 15;763; LSA-R.S. 33:381; LSA-R.S. 33:432; LSA-R.S. 33:1324; LSA.-R.S. 33:1432; LSA-R.S. 33:4715; LSA-R.S. 42:61; LSA-R.S. 42:63
 Hayes v. Parkem Industrial Services, Inc., 598 So.2d 1194
(La.App. 3 Cir. 1992).
 We conclude that the parish sheriff and the chief of police within a municipality share concurrent jurisdiction within the municipality regarding duties and obligations specified within this opinion. Secondly, we conclude that the sheriff's office is responsible for collecting fees though specific fees are allocated to different agencies and responsible for cost of incarceration since he is the chief legal officer of the parish. Lastly, we conclude that the village may contract with the parish for the housing of those charged with municipal offenses.
 Chief Lionel Bell P.O. Box 6 Napoleonville, Louisiana 70390
Dear Chief Bell:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In your request, you asked the following questions:
 1. What are the chief of police rights in reference to the Sheriff's Office entering the Village?
 2. Should the chief be notified prior to the Sheriff's entrance into the Town should the Chief be a part of the planning?
 3. Can the sheriff refuse to send officers in the village on complaints if the Town has no one available?
 4. If the sheriff officer writes citations in the Village, do the citations go to the Town for Mayor's Court?
 5. If [sic] the sheriff's office collects $30.00 for paperwork on everyone booked into the Detention Center. If the Village booked their prisoner there, does the Village received [sic] the $30.00 or the Sheriff's Office?
 6. If the Sheriff office collects a federal grant for narcotic [sic] for the Parish, does the Sheriff have to share the grant money with the Town to work narcotic[sic]?
 7. If the State Police write citation [sic] in the Village, or bring someone in for D.W.I. in the Village, does the Village get a share of the fine? Who get [sic] the citation, the Sheriff Office or the Village?
 8. Can a full-time sheriff officer work part-time for the Police Department?
 9. Can the Village of Napoleonville go into a contact with the Police Jury to share part of the Detention Center to house prisoners for state charges and municipality charges, if so what are the procedures?
 10. Can the Village of Napoleonville hold someone overnight or 24 hours on a municipality charge or state charge in the City Hall with security available and access to a phone and bathroom use?
 11. Can a sheriff execute a search warrant without confronting the Chief in the Village of Napoleonville?
 12. Can the sheriff release a prisoner on state charges for the Town without consulting the chief?
 13. If a female or juvenile prisoner is incarcerated on state charges leading from a municipality arrest who is responsible for the Bill — If the female or juvenile prisoner is in and out of parish jail.
 Questions 1, 2, 3, 11, and 12
To answer Questions 1, 2, 11, and 12, it is important to understand the applicable statutes regarding the jurisdiction of a parish sheriff and a municipal chief of police. Article V, Section 27 of the Louisiana Constitution of 1974 clearly states that the sheriff "shall be the chief law enforcement officer in the parish." See Hayes v. Parkem Industrial Services, Inc.,598 So. 2d 1194, 1197 (La.App. 3 Cir. 1992) (Louisiana Constitution states that the sheriff is the chief law enforcement officer of the parish.); see also Atty. Gen. Op. Nos. 95-3, 94-105, 84-603, 83-17, 81-335. At the same time, LSA-R.S. 33:423
states that the chief of police in a municipality "shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws." See
Atty. Gen. Op. Nos. 87-489, 84-603, 81-335. When reading these statutes together, this office has consistently stated that the parish sheriff and the chief of police within a municipality share concurrent jurisdiction within the municipality. See La. Atty. Gen. Op. Nos. 94-105, 93-6, 84-603, 81-1288, 81-464, 81-335.
In regard to Question 1, the rights of the chief of police in reference to the sheriff's office conducting business entering the municipality, the sheriff or sheriff's deputies may enter the municipality and act in their capacity as law enforcement agents because the Sheriff has concurrent jurisdiction with the chief of police inside the municipality. Because they have concurrent jurisdiction, the parish sheriff and the municipal chief of police are of equal rank within the municipality, and the sheriff cannot limit the authority of the chief of police within the municipality. See La. Atty. Gen. Op. No. 81-335.
In regard to Question 2, whether the chief of police should be notified by the sheriff's intent to conduct law enforcement business within the municipality, there is no requirement that the sheriff notify the chief of police because they are of equal rank within the municipality.
In regard to Question 3, whether the sheriff may refuse to send officers into a municipality if the municipal police have no one available to respond, the sheriff should respond when the municipal police has no one available and such response is necessary for preserving public peace, safety, and welfare. Under normal circumstances, the sheriff may handle a complaint that occurs within the municipality or choose to refer it to the municipal police. See La. Atty. Gen. Op. Nos. 94-105, 93-6, 84-603. However, as the chief law enforcement officer for the parish, the sheriff's duty to aid and assist in preserving the peace and enforcing the law is not extinguished within the municipality. See La. Atty. Gen. Op. Nos. 95-3, 94-105, 83-17. Further, the "[s]heriff is obliged to enforce [an] ordinance in his parish in order to preserve the public peace, safety or welfare, or whenever a legitimate request for assistance in tendered by a constable." See La. Atty. Gen. Op. No. 83-17. Therefore, the sheriff does have a duty to respond to a complaint when a legitimate request is made by the municipal police to respond due to a shortage in municipal police staff, when it is necessary to do so for preserving the public peace, safety, and welfare, because the sheriff remains the chief law enforcement agent for the parish. However, this duty to respond should not become so overwhelming as to impede on a sheriff's statutorily established duties and responsibilities.
In regard to Question 11, whether the sheriff may execute a search warrant without consulting the chief of police, the sheriff may do so because he shares concurrent jurisdiction with the chief of police. See La. Atty. Gen. Op. Nos. 94-105, 93-6, 84-603, 81-1288, 81-464, 81-335, 81-140. Because the sheriff and the chief of police share concurrent jurisdiction within the municipality, the two may act independently of each other. See
La. Atty. Gen. Op. No. 81-335. There is no requirement that the sheriff consult with the police chief before executing a search warrant within the municipality.
In regard to Question 12, whether the sheriff may release a prisoner on state charges for the municipality without consulting the chief, the sheriff shares concurrent jurisdiction with the chief of police. See La. Atty. Gen. Op. Nos. 94-105, 93-6, 84-603, 81-1288, 81-464, 81-335. Additionally, when an individual is booked, they are in custody of the court, and would be under the jurisdiction and responsibility of the sheriff. Again, because the sheriff and the chief of police share concurrent jurisdiction within the municipality, the two may act independently of each other. See La. Atty. Gen. Op. No. 81-335.
 Question 4
In regard to Question 4, which court has jurisdiction when a sheriff's deputy writes a citation in the municipality, it appears that the municipal court or the parish district court both have jurisdiction over citations for municipal violations. According to La. Atty. Gen. Op. No. 81-140, a sheriff's deputy may issue a citation for a municipal ordinance, and the municipal court would be the court with jurisdiction over the citation. LSA-R.S. 15:571.11 indicates that municipal violations may be tried in district court, however, and the fines imposed through such prosecution are distributed so that 12% is disbursed to the district attorney's office, 12% is disbursed to the sheriff's general fund, and the remainder is disbursed to the municipality's treasury. Accordingly, it appears that the municipal court and the district court have concurrent jurisdiction over violations of municipal ordinances when a sheriff's deputy writes the citation for the municipal ordinance.
 Question 5
In regard to Question 5, who receives the $30 booking fee when a police officer from the Village of Napoleonville books a prisoner at the Assumption Parish Detention Center, it appears that the Assumption Parish Sheriff's office is responsible for collecting the $30, but those funds are disbursed to different agencies. The $30 fee is comprised of a $15 fee imposed by LSA-R.S. 33:1432(9) and a $15 fee imposed by LSA-R.S.15:85.1(A)(1). The $15 fee under LSA-R.S. 33:1432(9) is retained by the sheriff's office as compensation, fees, and costs for services provided in criminal matters. The sheriff's office is responsible for collecting the additional $15 fee under LSA-R.S.15:85.1(A)(1); however, only $2 of that fee is retained by the sheriff's office and the remainder is disbursed to other agencies. For example, LSA-R.S. 15:85.1(A)(2) states that if the case is being prosecuted in municipal court, the municipal prosecutor's office receives $7 and the municipal clerk's office receives $2 from that original $15 fee. Therefore, while the Assumption Parish Sheriff is responsible for collecting the $30 booking fee, the sheriff's office only retains $17 of that amount. If the defendant is to be prosecuted in municipal court, then the municipal prosecutor's office will receive $7, and the municipal clerk's office will receive $2 from that booking fee. The statutes do not allow for the village police to receive any of the $30 booking fee, even if it is the agency making the arrest.
 Question 6
In regard to Question 6, whether the sheriff is required to share federal grant money for narcotics investigation/prevention for the parish with the municipal police, it appears that the sheriff is not obligated to share that money with the municipal police. The sheriff is the chief law enforcement officer for the parish. See Hayes v. Parkem Industrial Services, Inc.,598 So. 2d 1194, 1197 (La.App. 3 Cir. 1992) (Louisiana Constitution states that the sheriff is the chief law enforcement officer of the parish.); see also Atty. Gen. Op. Nos. 95-3, 94-105, 84-603, 83-17, 81-335. As such, the sheriff is not required to share the federal grant money for narcotics investigation/prevention with the municipal police, unless the terms of the grant otherwise require the sheriff to do so.
 Question 7
In regard to Question 7, which entity collects the fine and the citation for a DWI citation under LSA-R.S. 14:98 written by State Police within the Village of Napoleonville, it appears that the Village of Napoleonville collects the DWI fine even though the case is prosecuted in district court. According to LSA-R.S.13:1894.1(B), city, parish, and municipal courts have concurrent jurisdiction with the district court over the prosecution of a DWI citation; however, mayor's courts have no jurisdiction over DWI prosecutions. See La. Atty. Gen. Op. No. 00-198. If the prosecution is for a third or fourth offense DWI, then the district court is the only court with jurisdiction over the prosecution because it is a felony-grade offense, and the defendant is entitled to a jury trial. See La. Atty. Gen. Op. No. 00-198. Because the Village of Napoleonville has only a mayor's court, the case must be prosecuted in the district court. In spite of the case being prosecuted in district court, LSA-R.S.13:1894.1(C)(1) states that the "fines, forfeitures, and penalties collected by the district court" on a DWI conviction are to be distributed to the governing authority of the municipality where the offense occurred. See La. Atty. Gen. Op. No. 98-117.
In regard to whether the State Police forward the DWI citation to the police department for the Village of Napoleonville or the Assumption Parish Sheriff's Office, the citation could be forwarded to either agency because they have concurrent jurisdiction within the Village of Napoleonville. See La. Atty. Gen. Op. Nos. 94-105, 93-6, 84-603, 81-1288, 81-464, 81-335. No matter which law enforcement agency receives the citation from State Police, the case must be forwarded to the Assumption Parish District Attorney's Office for prosecution in the district court because, as discussed above, the Mayor's Court for the Village of Napoleonville does not have jurisdiction over the prosecution of DWI citations.
 Question 8
In regard to Question 8, whether a full-time sheriff deputy may work part time for the police department, the answer is yes. The Dual Officeholding and Dual Employment Laws contained within LSA-R.S. 42:61, et seq., do not prohibit a person from holding an appointive office while being simultaneously employed by a separate political subdivision. See La. Atty. Gen. Op. No. 02-375. This similar issue was addressed in La. Atty. Gen. Op. No. 90-408, where this Office stated that it was allowable for an elected chief of police to concurrently serve as a full-time deputy sheriff. LSA-R.S. 42:63(D) prohibits dual employment within the same political subdivision; however, this Office is of the opinion that the municipality and the parish government were two separate political subdivisions and, thus, not subject to this prohibition. See La. Atty. Gen. Op. No. 90-408. This Office has stated that the only real considerations are whether the individual can properly carry out the duties required for each position. See La. Atty. Gen. Op. No. 90-408, 87-121. The duties of each position cannot require the person to fulfill them simultaneously. Therefore, there must be no conflict in duties and compensation, and there should be no question, if law enforcement action is required, as to what official is acting.
This Office has previously issued opinions on whether a law enforcement officer may hold dual employment in different law enforcement agencies, and the general rule is that the officer may do so as long as the law enforcement agencies are within different political subdivisions. See La. Atty. Gen. Op. No. 02-375 (Individual may serve as elected chief of police in one political subdivision and hold employment as a police officer in another political subdivision.); La. Atty. Gen. Op. No. 96-332 (Elected chief of police may hold part-time appointive office of deputy sheriff because the municipality and the parish are considered different political subdivisions.); La. Atty. Gen. Op. No. 94-46 (Individual may be the elected police chief in one political subdivision and hold employment as a police officer in another political subdivision.); La. Atty. Gen. Op. No. 87-121 (Elected police chief may serve as a police officer in another town because the two towns were separate political subdivisions.).
Accordingly, it is permissible for a full-time sheriff deputy to work part-time for the municipal police department because the parish and municipality are two different political subdivisions and, thus, they are exempted from the prohibitions against dual employment in LSA-R.S. 42:63.
 Question 9
In regard to Question 9, whether the Village of Napoleonville can into enter a contract with the Police Jury to share part of the Assumption Parish Detention Center to house prisoners for state and municipal charges, the answer is that the Detention Center must accept prisoners on state charges, but that the village may contract with the parish for the housing of those charged with municipal offenses.
LSA-R.S. 33:1324(1) allows political subdivisions of the state to contract with each other to provide services for "police, fire, and health protection." See La. Atty. Gen. Op. No. 93-283. For example, in La. Atty. Gen. Op. No. 92-181, this Office stated that it was permissible for the Village of Napoieonville to contract with the Assumption Parish Sheriff's Office for law enforcement services. Further, in La. Atty. Gen. Op. No. 00-432, this office stated that it was permissible for a parish governing authority and a municipality to enter into a contract for the parish to provide space within the jail for those charged with municipal offenses.
However, the parish is responsible for the detention of inmates on state and parish charges, regardless of whether the arrest is made by municipal law enforcement, because the sheriff is the chief law enforcement agent for the parish; however, the parish sheriff does not have to detain inmates charged with municipal offenses. See La. Atty. Gen. Op. Nos. 01-132, 00-432. Thus, the municipality does not need to enter in a contract with the parish for the detention of inmates charged with state and parish offenses. .
In regard to the procedure necessary to make this contract, because Napoleonville is a Lawrason Act Municipality under LSA-R.S. 33:381, the proper procedure for making this contract between the parish and municipality requires the mayor and the board of aldermen to concur in the contract, and the mayor must sign the contract on behalf of the municipality. See La. Atty. Gen. Op. No. 93-283.
 Question 10
In regard to Question 10, whether the Village of Napoleonville may hold a prisoner overnight or for twenty-four hours on a municipal or state charge in the City Hall as long as there is security available and access to phone and restrooms, the answer is probably not. LSA-R.S. 15:705 requires jailkeepers to provide food, clothing, and medical care to inmates. Further, LSA-R.S.15:751 requires that "[a]ll jails, prisons, lockups and camps and all facilities, units, and rooms of such jails, prisons, lockups and camps where prisoners are detained or confined must meet standards of health and decency established by the state division of health." The statute also requires that the facility be inspected by the state health officer or his duly authority representative to determine if the facility is in compliance. LSA-R.S. 15:763 allows the state health officer to initiate proceedings to enjoin the facility from housing inmates if these requirements have not been followed. Additionally, LSA-R.S.33:423 allows for local ordinance to impose additional duties on the chief of police or marshal with respect to imprisonment and municipal jails, which may mandate requirements in addition to state regulations. Cogswell v. Town of Logansport,321 So.2d 774 (La.App. 2 Cir. 1975). Therefore, unless the City Hall is in compliance with the requirements of the state health officer for standards of health and decency and it has been inspected for such, and local ordinances, then the City Hall would not an appropriate place for incarceration.
 Question 13
In regard to Question 13, who is responsible for the cost of incarcerating a juvenile or female arrested by the municipal police on state charges, the parish is responsible for the cost of incarceration. LSA-R.S. 33:4715 mandates that the police jury for the parish must provide a good and sufficient jail, and LSA-R.S. 15:704 mandates that the sheriff is the keeper of the parish jail. See La. Atty. Gen. Op. 00-432. As discussed above in Question 9, the parish is responsible for the detention of inmates on state and parish charges, regardless of whether the arrest is made by municipal law enforcement, because the sheriff is the chief law enforcement agent for the parish. See La. Atty. Gen. Op. Nos. 01-132, 00-432. Therefore, the municipality is not responsible for the cost of incarcerating juveniles or females charged with state and parish offenses.
If this office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
BY:____________________________ KRISTI DEASON HAGOOD ASSISTANT ATTORNEY GENERAL
[1] R.S. 42:62(3) states:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[2] R.S. 42:62(2) states:
(2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.