Dear Chief English:
Your letter requesting an opinion of this office has been referred to the Criminal Division for research and reply. Your question, as we understand it, concerns the limitation of authority municipal officers have as they travel in and out of your jurisdiction. Specifically, you want to know whether or not the Village of McNary's law enforcement officers have the authority to enforce statutes and municipal ordinances while physically outside of the jurisdiction.
La.R.S. 33:423 states that the power and authority for the chief of police in a municipality shall have general responsibility for law enforcement "in the municipality," and shall be charged with the enforcement of all ordinances "within themunicipality," and all applicable state laws. The plain meaning of this statute limits the law enforcement authority of municipal police to the territorial boundaries of the municipality. The restrictive language shows the Legislature's clear intent to limit the extent of law enforcement power. The language of La.R.S. 33:423 is clear and unambiguous and therefore should be applied, without further interpretation, as the legislature has written. See La.C.C. art. 9.
However, the parish sheriff may expand the power of municipal officers to extend throughout the parish. Without the extension of power given by the sheriff, the municipal officer has no authority outside of his jurisdiction. For example, in Hayes v. ParkemIndustrial Services, Inc., the court held that a deputy sheriff responding to a call of a stalled truck on a highway connecting two parishes had "no jurisdiction or authority to act outside of his parish." 598 So.2d 1194, 1197 (La. App. 3 Cir. 6/15/1992). The deputy sheriff located the stalled truck and determined it to be one and a half miles outside of his parish; thus, one and a half miles outside of his jurisdiction. The deputy having "no authority to act outside his parish," and therefore having "no duty to act outside his parish," informed his office to notify the adjoining parish sheriff. Id. at 1197. The court *Page 2 
reasoned that without authority to impart a duty on the deputy was "no greater than that of a lay person." Id. at 1197. The court's holding stands on the strong belief of limiting territorial jurisdiction of both sheriffs and municipal officers.
There is an exception to this rule for officers engaged in hot pursuit of a criminal suspect. This involves the inverse of your question regarding the an investigatory stop outside the jurisdiction. Hot pursuit begins with an investigatory stop initiated from within the jurisdiction that carries outwards. An officer may leave his jurisdiction to make an investigatory stop when he is in close pursuit of a suspect for a law stop initiated within his jurisdiction under La.C.Cr.P. 215.1. State v.Merchant,490 So.2d 336, 339 (La. App. 1st Cir. 1986), citingState v. Bickham, 404 So.2d 929 (La. 1981). Again, in La.C.Cr.P. 213, the Legislature gives officers authority outside their jurisdictions stating "a peace officer in close pursuit of a person to be arrested, who is making an arrest pursuant to this Article may enter another jurisdiction in this state and make the arrest." Under La.C.Cr.P. 214, peace officers may make arrests as private citizens, or as a "lay person" as defined in Hayes
above, for felonies committed in or out of their presence. SeeState v. Ayo, App. 5 Cir. (3/24/2009).
We hope this opinion thoroughly answers your inquiry. If there are any further questions regarding this matter, please do not hesitate to contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ TERRI LACY ASSISTANT ATTORNEY GENERAL
TRL/ms